UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
JUN 22 2015
U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) Plaintiff, ) | |
| ) v. ) | Cause No. 1:14-cr-108-SEB-MJD |
| ) TIMOTHY ANDREW ENDRE, ) | |
| ) Defendant. ) | |

### Amended Plea Agreement Pursuant to Fed. R. Crim. P. 11(c)(1)(C)

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Steven D. DeBrota, Senior Litigation Counsel, and the Defendant, TIMOTHY ANDREW ENDRE, in person and by counsel, Edward F. Schrager, hereby inform the Court that an Agreement to Plead Guilty has been reached in this cause pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C). The following are its terms and conditions:

1. **Plea of Guilty to the Indictment**: The Defendant agrees to plead guilty to Count 1 of the Information, which charges that he enticed or coerced a minor through internet communications in violation of 18 U.S.C. §2422(b).

2. **Potential Penalties**: This offense may be punished by a term of imprisonment of not less than 10 years and up to the life of the Defendant's life, a fine of up to $250,000, and a term of supervised release following any term of imprisonment for up to the life of the Defendant.

3. **Elements of Coercion and Enticement Offense:** To sustain this offense, the government must prove the following propositions beyond a reasonable doubt:

1

1) The Defendant used a facility or means of interstate commerce to knowingly persuade, induce, entice, or coerce a minor to engage in sexual activity; and

2) The minor was less than 18 years of age; and

3) The defendant believed the minor was less than 18 years of age; and

4) The sexual activity would have been such that any person could be charged with a criminal offense.

## GENERAL PROVISIONS

4. **Rule 11(c)(1)(C):** The Defendant understands that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(C) and that the parties have agreed upon the specific sentencing range set forth in this Plea Agreement. The parties understand that the Court must accept or reject the sentencing range specified in this Plea Agreement. If the Court rejects this Plea Agreement, then either party may withdraw from this Plea Agreement.

5. **Presently Known Information:** The defendant understands that this plea agreement is based upon the information presently known to the United States Attorney for the Southern District of Indiana.

## SPECIFIC PROVISIONS

6. **Sentencing Recommendation Pursuant to Fed. R. Crim. P. 11(c)(1)(C):** The Court should sentence the Defendant to a term of imprisonment for a period of **212 months**. The parties would inform the Court that this term of imprisonment is intended to resolve this matter as well as the Defendant's potential prosecution by the Marion County Prosecutors for presently known sex offenses involving the minor victim in this case, Girl #1.

While the Marion County Prosecutor's Office is not a party to this Plea Agreement, the United States and the Defendant understand that the Marion County Prosecutor's Office has agreed not to file additional charges against the Defendant if the Court imposes a sentence in conformity with this Plea Agreement.

7. ~~10 years~~ **Supervised Release:** The parties stipulate that the Defendant is subject to a term of supervised release of not less than five (5) years and up to life. Each party free to present evidence and arguments concerning the length of this period of supervised release following the term of imprisonment.

[handwritten insertion above: "10 years R—"]

8. **Special Conditions of Supervised Release:** The parties will jointly recommend that the Court should impose the Special Conditions of supervised release listed below, in addition to any other Standard and Special Conditions which the Court deems appropriate in this case. The parties understand and agree that these recommended Special Conditions are **not binding** upon the Court if it accepts this Guilty Plea Agreement, and that the Court may determine which Standard and Special Conditions to apply in this case. The parties also recognize that the Court has the authority to modify terms of supervised release as provided in 18 U.S.C. §3583.

   a. **Pornography:** The defendant shall not possess any obscenity, child pornography, child erotica, or nude images of minors. Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer.

3

b. **Treatment for Sexual Disorders:** The defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer.

c. **No Unsupervised Contact with Minors:** The defendant shall not have any unsupervised contact with any minor child, unless the contact has been disclosed to and approved by the probation officer. In determining whether to approve such contacts involving members of the defendant's family, the probation officer shall determine if the defendant has notified the persons having custody of any such minors about his conviction in this case and the fact that he is under supervision. If this notification has been made, and if the person having custody consents to the contact, then this condition is not intended to prevent approval of the contact.

d. **Sex Offender Registration:** The defendant shall register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school as required by both federal and state law, including the Sex Offender Registration and Notification Act (SORNA) at 42 U.S.C. § 16901, *et seq.*

e. **Searches:** The defendant shall submit to the search by the probation officer of his person, vehicle, office/business, residence, and property, including any computer systems and its peripheral

4

devices with the assistance of other law enforcement as necessary. The defendant shall submit to the seizure of contraband found by the probation officer. The defendant shall warn other occupants the premises may be subject to searches.

f. **DNA Sample:** The defendant shall provide a DNA sample as directed by the probation officer.

g. **Computer Monitoring**: The defendant shall consent, at the direction of the probation officer, to having installed on his computer(s) and any hardware or software, systems to monitor his computer use. Monitoring will occur on a random and/or regular basis. The defendant will warn other occupants of the existence of the monitoring software placed on his computer(s).

h. **No Contact with Minor Victim:** The Defendant agrees not to have any direct or indirect contact with the victim of the offense charged in the Information, that being, Girl #1. Such prohibited contact includes any communication in any form with them or the members of her family.

i. **Sundowning:** The parties understand and agree that the facts and circumstances of this case show that these terms should last of the entire term of the supervised release. However, the parties understand that the Defendant may petition the Court to modify these conditions as described in 18 U.S.C. § 3583, and the final decision to modify such terms would lie with the Court.

9. **Fine:** Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a fine in this case and the amount of any such fine. The defendant understands that the amount and payment terms of any fine will be determined by the Court.

10. **Restitution:** The parties understand that federal law requires mandatory restitution for the offense charged in the Information. The parties reserve the right to present evidence and arguments concerning the amount and payment terms of any potential restitution to the victims in the child pornography. In addition, the defendant agrees to pay **$2,500** in restitution to Girl #1, the victim of the charged offense. The Court will determine the payment terms for such restitution.

11. **Special Assessment:** The defendant agrees to remit to the Court at the time of sentencing or as directed by the Court a certified check or money order in the amount of $100, payable to Clerk, United States District Court, which amount represents the mandatory special assessment that must be imposed by the Court and paid by all federal defendants pursuant to 18 U.S.C. § 3013.

12. **Waiver of Appeal:** The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant agrees that in the event the Court accepts this Plea Agreement under Rule 11(c)(1)(C) and sentences the defendant to a term of imprisonment for **212 months** regardless of how the sentence is calculated by the Court, then the

6

defendant expressly waives the right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. Additionally, the defendant expressly agrees not to contest the conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, an action brought 28 U.S.C. § 2255. This waiver of appeal specifically includes all provisions of the sentence imposed in this case, including the terms of the supervised release and the amount of any restitution, fine or forfeiture. This § 2255 waiver does not encompass claims that the defendant received ineffective assistance of counsel in the negotiation of the Plea Agreement.

13. **Forfeiture:** The defendant hereby admits that the property taken from the defendant during the searches by U.S. law enforcement officers in this case was used to facilitate the commission of the offense to which the defendant is pleading guilty, and that the property is therefore subject to forfeiture pursuant to 18 U.S.C. §§ 2253 and/or 2254. Therefore, the defendant hereby abandons all right, title and interest in all personal property seized by authorities during the searches of his residence, including, but not necessarily limited to, computer equipment, cameras, computer storage media, monitors, and computer files, so that proper disposition may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the defendant's criminal activity. The defendant acknowledges that all of the property to be forfeited is proceeds of the offenses to which he is pleading guilty and/or was used or intended to be used in the transportation or possession of child pornography and is therefore subject to forfeiture pursuant to 18 U.S.C. §§ 2253

and/or 2254. The defendant further agrees not to contest any forfeiture action brought against the funds to be forfeited in lieu of real property or any of the seized personal property, whether any such forfeiture action is administrative or judicial, civil or criminal, and agrees not to contest any use or destruction of any of the seized personal property by any federal, state or local law enforcement agency.

14. **Obligation to Pay Financial Component of Sentence**: If the defendant is unable to pay any financial component of the sentence on the date of sentencing, then the defendant agrees that there is a continuing obligation to pay the financial component of his sentence. The defendant further agrees that as of the date of filing this Plea Agreement, the defendant will provide all requested financial information to the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Indiana for use in the collection of any fines and/or restitution imposed by the Court and authorizes the Financial Litigation Unit to obtain credit reports relating to the defendant for use in the collection of any fines and restitution imposed by the Court.

15. **Potential Civil Commitment:** The defendant has been advised, and understands, that pursuant to 18 U.S.C. § 4248, the defendant faces potential civil commitment as a sexually dangerous person following the expiration of the defendant's term of imprisonment. The defendant understands that any potential civil commitment would be the subject of a separate civil proceeding. The defendant further understands that no one, including the defendant's attorney or the Court, can predict with certainty the effect of the defendant's conviction on such a civil commitment determination or

the likelihood that civil commitment would be imposed. The defendant understands that civil commitment can be imposed for an indefinite period of time. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any potential civil commitment consequences that the defendant's plea may entail.

## FINAL PROVISION

21. The Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the plea of guilty. This document is the complete and only plea agreement between the Defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

Josh J. Minkler
United States Attorney

6/22/15
DATE

Steven D. DeBrota
Senior Litigation Counsel

6/22/15
DATE

Joe Vaughn
First Assistant U.S. Attorney

6/22/15
DATE

TIMOTHY ANDREW ENDRE
Defendant

6/22/15
DATE

Edward F. Schrager
Attorney for Defendant