UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:14-cr-00108-SEB-MJD-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| TIMOTHY ENDRE | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-cr-00108-SEB-MJD |
| | ) | |
| TIMOTHY ENDRE, | ) -1 | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Timothy Endre has filed motions seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkts. 91, 100. For the reasons explained below, his motions are **DENIED**.

### I.  Background

In June 2015, Mr. Endre pled guilty to one count of enticement of a minor, in violation of 18 U.S.C. § 2422(b). Dkt. 70 at 1. According to presentence investigation report, in 2013, Mr. Endre, then 33 years old, began communicating via Skype, text messaging, and in person with a 13-year-old girl. Dkt. 49 at 4. In January 2014, the girl ran away and was located at a motel with Mr. Endre. *Id.* Law enforcement officers searched the girl's phone and found online conversations regarding future sexual conduct between the girl and Mr. Endre as well as photos of Mr. Endre with his penis exposed. *Id.* Officers also found photos of the girl and Mr. Endre holding signs referring to themselves as husband and wife and a photo of the girl holding a packaging insert from a birth control device. *Id.* Mr. Endre admitted to knowing the girl was 13 years old, to taking her to multiple motels, and to taking photos of her wearing only panties and lying on her stomach in a motel. *Id.* at 5.

Mr. Endre faced a guidelines range of 188 to 235 months of imprisonment. Dkt. 49 at 13. The Court sentenced him to 212 months of imprisonment to be followed by 10 years of supervised release. Dkt. 70 at 2–3. The Bureau of Prisons ("BOP") lists Mr. Endre's anticipated release date (with good-conduct time included) as February 5, 2028. https://www.bop.gov/inmateloc/ (last visited October 31, 2023).

Mr. Endre initially filed his compassionate release motion pro se. Dkt. 91. Appointed counsel thereafter filed an amended motion. Dkt. 100. Mr. Endre argues that he establishes extraordinary and compelling reasons for compassionate release because (1) he alleges that he was assaulted by another inmate, dkt. 100 at 4; (2) he is needed at home to provide care for his mother who is in poor health, dkt. 100 at 6, (3) he has rehabilitated himself while incarcerated, dkt. 100 at 7, and (4) he suffers from numerous health conditions for which he is receiving inadequate care, dkt. 91 at 2. The United States has filed opposition to the motions, dkt. 108, and Mr. Endre filed a reply, dkt. 110. The motions are now ripe.

## II.   Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and

3

compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, effective November 1, 2023, the United States Sentencing Commission amended the Guidelines Manual to include several new circumstances that now qualify as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023). The Court has considered said amendments while adjudicating Defendant's motion, as appropriate.

The Court will assume without deciding that Mr. Endre has established at least one extraordinary and compelling reason for compassionate release. The Court nevertheless finds that Mr. Endre is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[1] Weighing in his favor, he has obtained his GED and completed extensive programming while incarcerated. Dkt. 91-1 at 35. He also has a limited disciplinary record while in BOP. Dkt. 108-2 at 1. Weighing against him, Mr. Endre committed a serious crime and has a significant criminal history including many felony convictions. His prior convictions include a felony conviction for inference with custody/support, in which, at age 29, Mr. Endre was alleged to have brought a 15-year-old girl across state lines and had sexual intercourse with her. Dkt. 29 at 9. Mr. Endre pled guilty pursuant to a Rule 11(c)(1)(c) binding plea agreement for 212 months of incarceration. Dkt. 35. He received substantial benefit of state prosecutors not pursuing further charges as part of his plea agreement in this matter. Dkt. 78 at 44. Further, Mr. Endre is not

---

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

scheduled to be released from prison until December 2037; thus, releasing him now would be a substantial reduction.

In light of these considerations, the Court finds that releasing Mr. Endre early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III.   Conclusion

For the reasons stated above, Mr. Endre motions for compassionate release, dkts. [91], [100], are **denied**.

**IT IS SO ORDERED.**

Date:   11/16/2023

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel