Case 1:14-cr-00108-SEB-MJD   Document 133   Filed 05/17/24   Page 1 of 4 PageID #: 1296

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

United States of America
v.
TIMOTHY ANDREW ENDRE

Case No: 1:14-cr-00108-SEB-MJD-1
USM No: 12132-028

Date of Original Judgment: 06/29/2015
Date of Previous Amended Judgment: _____
*(Use Date of Last Amended Judgment if Any)*

*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 06/29/2015 shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 05/17/2024

*(signature)*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Effective Date: _____
*(if different from order date)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:14-cr-00108-SEB-MJD |
| TIMOTHY ANDREW ENDRE, | ) ) | -01 |
| Defendant. | ) ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Pending before the Court is Petitioner Timothy Andrew Endre's Motion to Reduce Sentence filed pursuant to USSG Amendment 821. The Government has filed its response in opposition to the motion. Defendant pled guilty to a sentence of 212 months of imprisonment under the terms of Rule 11(c)(1)(C) pursuant to his plea agreement. He remains incarcerated and has an anticipated release date of February 5, 2028.

Being duly advised, the Court hereby DENIES the motion, finding Petitioner ineligible for a reduced sentence based on this amendment to the Sentencing Guidelines for the reason that applying the Amendment would not result in a reduction of Petitioner's original guideline range. USSG § 1B1.10.

Pursuant to the holding in <u>Dillon v. U.S.</u>, 560 U.S. 817, 824 (2010) and the requirements set out in the applicable statutes (i.e., 18 U.S.C. § 3582(c)(2) and the Sentencing Guidelines (§§ 4A1.1(a) and (e)), the changes effectuated by Amendment 821 to the Guidelines do not apply to Petitioner because his original guideline range would not be reduced by virtue of these changes. Absent such a change, he is ineligible for a reduced sentence. To qualify for relief under § 3582(c)(2), a petitioner's sentencing range must be lowered due to the Amendment.

Part A of Amendment 821 altered the assignment of status points in calculating the criminal history (USSG § 4A1.1(e)), directing the addition of 1 point (rather than 2 under the original guidelines formulation), if the defendant received 7 criminal history points and committed the offense while under a criminal justice sentence, including (as relevant here) probation. A person who had six criminal history points or fewer receives no status points under the Amendment. The reduction from 2 to 1 in Petitioner's status points results in his having a total of 15 criminal history points, which computes to a Criminal History Category of VI, which is the same category as before ("13 or more" criminal history points). Thus, because he remains in Category VI, no change results to his guideline range.

Part B of Amendment 821, which provides for a 2-level reduction for (many) offenders who had zero criminal history points, doesn't apply here because Petitioner was assessed criminal history points.

Thus, even if Petitioner received the benefit of the "status points" reduction pursuant to § 4A1.1(e), he would still have 15 criminal history points, and his guidelines range would remain unchanged. To be eligible for relief, the sentencing range must be lowered by the applicable amendment. The Amendment however does not affect his overall sentence. Since he is ineligible for relief, his motion for reduction of sentence must be <u>denied</u>.

Petitioner's challenge to the accuracy of his criminal history point calculation in his PSR is not cognizable by the Court pursuant to Section 3582(c)(1)(A)(i). Such a claim must be

brought pursuant to 28 USC § 2255 by Petitioner seeking a review of the validity of his sentence.

This request is therefore also DENIED.

    The Motion for Reduction of Sentence is DENIED.

    IT IS SO ORDERED.

Date: 5/17/2024

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana


Distribution:

Counsel of Record via CM/ECF

Electronic Notice to U.S. Probation Officer

Timothy Endre #12132-028
FCI Hazelton
P.O. Box 5000
Bruceton Mills, WV  26535